IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HARMON WILLIAMS,
ADC #101370                                                                                           PLAINTIFF

v.                                          5:10CV00260DPM/JTK

RAY HOBBS, et al.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

>     other non-testimonial evidence desired to be introduced at
>     the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>     Clerk, United States District Court
>     Eastern District of Arkansas
>     600 West Capitol Avenue, Suite A149
>     Little Rock, AR 72201-3325

## **DISPOSITION**

### **I. Introduction**

Plaintiff is an inmate confined at the Delta Regional Unit of the Arkansas Department of Correction (ADC), who has been granted in forma pauperis status to proceed in this action filed pursuant to 42 U.S.C § 1983.

According to his complaint, Plaintiff was convicted of a false disciplinary charge filed against him by Defendants. He asks for monetary relief for false imprisonment and pain and suffering, together with lost wages he would have received on work release status.

### **II. Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or ©) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 1950, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 545-46.

**III. Analysis**

Initially, the Court notes that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim

3

based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Woods v. Smith, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995), and Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998). In this particular case, Plaintiff does not state that his disciplinary conviction was reversed or overturned.

In addition, Plaintiff's complaint should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In that case, the Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996). In this case, however, Plaintiff does not allege or offer any evidence that any of these conditions has been met.

Plaintiff also can not recover damages for lost wages that he might have incurred, had he been released to work release status. "There is no constitutional right to prison wages and any such compensation is by the grace of the state." Hrbek v. Farrier, 787 F.2d 414, 416 (8th Cir. 1986). See also Smith v. Garrett, 2006 WL 3791951, p. 2 (E.D.Ark.).

Finally, the Court finds Plaintiff's claim for monetary relief for false imprisonment is a tort under Arkansas state law, and does not arise under the United States Constitution or a federal statute. See Guidry v. Harp's Food Stores, Inc., 66 Ark.App. 93, 987 S.W.2d 755 (1999). Therefore, no remedy is provided for this claim pursuant to 42 U.S.C. § 1983, and this Court declines to exercise jurisdiction over a remaining state-law claim. See 28 U.S.C. § 1367(c)(3).

**IV. Conclusion**

Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's complaint against defendants is DISMISSED without prejudice to plaintiff's right to reassert his claim should his disciplinary be invalidated by a state tribunal or federal court.[1]

IT IS SO ORDERED this 8th day of September, 2010.

_____
United States Magistrate Judge

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).